

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 4, 1960

Hon. Frank M. Jackson
Executive Secretary
Teacher Retirement System of Texas
314 W. 11th Street
Austin, Texas 78701

Opinion No. M-644

Re: Authority of the Board of
Trustees of the Teacher
Retirement System to in-
vest trust funds of the
System in home office
facilities, including land,
equipment, and office
building to be used in
administering the System,
and related questions.

Dear Mr. Jackson:

You have requested the opinion of this office regarding the
following specific questions:

"1. Does the State Board of Trustees of the
Teacher Retirement System have authority to invest
trust funds of the Teacher Retirement System in home
office facilities including land, equipment and office
building to be used in administering the System?

"2. If your answer to Question No. 1 is in the
affirmative, does the State Board of Trustees of the
Teacher Retirement System have authority to manage and
control such buildings and grounds purchased or built
with funds of the Teacher Retirement System?

"3. If your answer to Question No. 2 is in the
negative, would the State Board of Control have juris-
diction over such buildings and grounds.

"4. If your answer to Question No. 2 is in the
affirmative, would the State Board of Trustees of the
Teacher Retirement System have authority to pay expenses
incurred for operating, maintaining, repairing and im-
proving the buildings and grounds described in Question No. 1?"

-3083-

The Teacher Retirement System was created and is governed by Article 3, Section 48b, Constitution of Texas, which reads, in its pertinent part, as follows:

"There is hereby created as an agency of the State of Texas the Teacher Retirement System of Texas, the rights of membership in which, the retirement privileges and benefits thereunder, and the management and operations of which shall be governed by the provisions herein contained and by present or hereafter enacted Acts of the Legislature not inconsistent herewith. The general administration and responsibility for the proper operation of said system are hereby vested in a State Board of Trustees, to be known as the State Board of Trustees of the Teacher Retirement System of Texas, .... Said Board is hereby authorized and empowered to invest and reinvest any of said moneys, securities, and assets, as well as the proceeds of any of such investments, .... or in home office facilities to be used in administering the Teacher Retirement System including land, equipment, and office building; ...."( Emphasis added.)

In view of the specific constitutional provision above quoted, your first question is answered in the affirmative.

With regard to your second question, your attention is directed to Article 2922-4.09, Vernon's Civil Statutes, which reads, in part, as follows:

"(a) General administration of and responsibility for proper operation of the Retirement System in accordance with the provisions of this chapter are vested in a State Board of Trustees ...."

In response to a similar question, this office held in Attorney General's Opinion C-705 (1966) that the building constructed by the Texas Employees Retirement System was not subject to the control of the State Board of Control for the reason that such building was constructed with trust funds and assumed the same chracter as those funds. As a public trust, such structure was not subject to the authority vested in the State Board of Control by Article 665, Vernon's Civil Statutes. It is our opinion that the legal nature of the Employees Retirement System and the

Teachers Retirement System is so legally similar in this respect that the holding expressed in Attorney General's Opinion C-705 controls the present question. Accordingly, our opinion is that the State Board of Trustees of the Teacher Retirement System has authority to manage and control buildings and grounds purchased or built with funds of the Teacher Retirement System.

In view of our affirmative answer to your second question, your third question is not answered.

Article 2922.101, et seq., Vernon's Civil Statutes, and Attorney General's Opinion C-705, supra, provide ample basis for our conclusion that the State Board of Trustees of the Teacher Retirement System has the necessary authority to pay expenses incurred for operating, maintaining, repairing and improving the buildings and grounds described in Question No. 1. Accordingly, your fourth question is answered in the affirmative.

### S U M M A R Y

The State Board of Trustees of the Teacher Retirement System has authority to invest trust funds of the Teacher Retirement System in home office facilities, including land, equipment and office building to be used in administering the System.

The State Board of Trustees of the Teacher Retirement System has authority to manage and control the buildings and grounds purchased or built with these funds of the Teacher Retirement System.

The State Board of Trustees of the Teacher Retirement System has authority to pay expenses incurred for operating, maintaining, repairing and improving the buildings and grounds so purchased.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Wayne R. Rodgers
Earl Hines
Jerry Roberts
Brandon Bickett

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant